NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY W. SIMON,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2019-1982

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-18-0396-W-2.

---

Decided: February 5, 2020

---

ANTHONY W. SIMON, Lancaster, TX, pro se.

MICHAEL DUANE AUSTIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Anthony Simon ("Simon") appeals from the final decision of the Merit Systems Protection Board ("the Board") denying his request for corrective action on his nonselection for a position with the Bureau of Prisons. Because we agree with the Board that the agency proved by clear and convincing evidence that it would not have selected Simon even absent his protected whistleblowing activity, we *affirm*.

## I. BACKGROUND

### A. Simon's Application

In September 2017, the Bureau of Prisons issued an internal, merit promotion vacancy announcement for the position of Human Resource Specialist within the agency's Labor and Management Division. S.A. 2; S.A. 29. The announcement explained that the position's duties included "both labor and employee relations functions," such as discipline and discharge issues, grievance and appeal processing, and contract interpretation and negotiation. S.A. 30. The announcement also indicated that there were two positions for this job available: one in Washington, D.C. and one in Grand Prairie, Texas. S.A. 29.

Simon timely applied for the position at the GS-11, 12, and 13 levels, but he limited his application to the Grand Prairie location. S.A. 2; S.A. 37. Simon was found best qualified for the position at the GS-12 level, and listed on the merit promotion certificate for Grand Prairie at the GS-12 level.[1] His application was then referred to the

---

[1]    Simon was found qualified, but not best qualified, at the GS-11 level. J.S. 2. Simon did not qualify for the position at the GS-13 level because he did not meet the time-in grade requirement. S.A. 2.

recommending official, Christopher Wade. S.A. 2. Wade ultimately referred two other individuals, J.H. and J.S., to the selecting official, Cristina Griffith. S.A. 3. J.H. and J.S. were found best qualified for the position at the GS-11 level and listed on the merit promotion certificate for Central Office (Washington, D.C.). S.A. 2–3. On December 15, 2017, Griffith selected J.H. for a position in Washington D.C. S.A. 3. On March 26, 2018, Griffith signed the GS-12 merit promotion certificate for Grand Prairie, indicating that she did not wish to select anyone for that position, including Simon. S.A. 3. Two days later, Griffith selected J.S. for the remaining Human Resources position, but again designated that position for Washington D.C., rather than Grand Prairie. S.A. 3.

Very soon thereafter, Simon filed a complaint regarding his nonselection with the Office of Special Counsel ("OSC"). S.A. 3. In his complaint, Simon alleged that the agency failed to select him for the Human Resources Specialist position as a reprisal for Simon's past "whistleblowing and/or protected activities," *i.e.*, activity protected under 5 U.S.C. §§ 2302(b)(8), (b)(9)(A)(i), (B), (C), or (D). S.A. 27. Simon alleged that his prior OSC and union activities, as well as his past appeals to the Board, were the basis for the agency's retaliatory animus. S.A. 27. Simon noted that Griffith had knowledge of three of these prior OSC complaints, and that the hiring action at issue in his complaint was the same action that he had cited in those prior matters. S.A. 27. That is, Simon had been rejected for the same Human Resources Specialist position on three prior occasions, and had filed OSC complaints in response to the agency's decisions.

On June 18, 2018, OSC informed Simon that, based on its evaluation of his complaint, it had made a final determination to close his file. S.A. 27. OSC explained that Simon's only evidence in support of his assertion that his nonselection was retaliatory was the fact that he was included on the merit promotion certificate for Grand Prairie,

and that this evidence was not sufficient. S.A. 27. Despite Griffith's involvement in and knowledge of Simon's past OSC complaints, OSC concluded that there was "a multitude of legitimate bases for not selecting a candidate for a position." S.A. 27. OSC also explained that it had no basis for further review of claims that it previously adjudicated. OSC made a final determination to close Simon's file, but notified Simon of his right to seek corrective action from the Board because he had alleged a violation under 5 U.S.C. §§ 2302(b)(8) and (b)(9). S.A. 28.

## B.  The Board's Decision

On June 19, 2018, Simon filed an appeal of the agency's nonselection decision to the Board. S.A. 3. Simon alleged that the agency failed to select him in retaliation for: (1) his prior OSC complaints; and (2) his prior Individual Right of Appeals ("IRA") before the Board. S.A. 5. In support of his appeal, Simon noted that he had been found "best qualified for Human Resource Specialist 4 times (Emp & Lbr Rel) (Labor Management Relations Specialist)." S.A. 24. On April 8, 2019, the administrative judge ("AJ") issued an initial decision, finding that Simon's OSC complaints and IRAs are protected whistleblowing activities, but denying Simon's request for corrective action. S.A. 5.

First, the AJ explained that Simon failed to establish by a preponderance of the evidence that his OSC complaints were a contributing factor in his nonselection. S.A. 5. Although Griffith was involved in the prior nonselection decisions, the AJ explained that there was no evidence "as to if or when Griffith, or anyone involved in the selection process for the vacancy at issue in this appeal, knew about [the OSC complaints]." S.A. 5. Accordingly, without any evidence of Wade or Griffith's knowledge of the OSC complaints, the AJ could not conclude that Simon established by preponderant evidence that his prior OSC complaints were a contributing factor in his nonselection. S.A. 5.

With respect to Simon's IRAs, the AJ found that Wade and Griffith's knowledge of the appeals and the timing of the nonselection decision were sufficient to establish by preponderant evidence that Simon's prior IRAs were a contributing factor in his nonselection. S.A. 6. Both Wade and Griffith had testified at the hearing in one of the prior IRAs, MSPB Docket No. DA-1221-16-0269-W-1, which occurred sometime between March 16, 2016 and August 12, 2016. In that appeal, the appellant alleged, inter alia, that the agency failed to select him for a GS-12 Human Resources Specialist/Employee and Labor Relations position in retaliation for his protected whistleblowing activity. S.A. 5. Wade had similarly served as the recommending official for that nonselection and Griffith, though not the selecting official, had reviewed the applications and given them to the selecting official. S.A. 5–6. On August 14, 2017, Griffith signed an agreement, on behalf of the agency, to settle two of the prior IRAs. The signed settlement agreement occurred just four months before she selected J.H. for the Washington D.C. position on December 15, 2017. S.A. 6. Accordingly, the AJ determined that Simon established by preponderant evidence that his prior IRAs were a contributing factor in his nonselection. S.A. 6.

Based on this finding, the burden shifted to the agency to prove, by clear and convincing evidence, that it would have taken the same action even absent the disclosure or other protected activity. *See Horton v. Dep't of the Navy*, 66 F.3d 279, 283–84 (Fed. Cir. 1995). After considering the evidence, the AJ found that the agency had met this burden. The agency presented evidence that, although the position was initially advertised in both Washington, D.C., and Grand Prairie, there was "a particular need" for Human Resources Specialists in Washington, D.C. S.A. 7. At the time of the selection process at issue in this appeal, there were no Human Resources Specialists in Washington D.C. S.A. 8 ("In fact, Griffith testified, there were three to four unfilled Human Resources Specialist positions in

Washington, D.C."). The agency testified that it histori-cally had difficulty filling these D.C. positions due to a lack of qualified applicants willing to relocate, likely due at least in part to the higher cost of living. S.A. 8. Accord-ingly, because several highly qualified applicants, includ-ing J.H. and J.S., had applied for the Washington, D.C., location, the agency decided to take advantage of the situ-ation and only hire for that location. S.A. 8. Based on this evidence, the AJ concluded: "[A]s the appellant only ap-plied for the Grand Prairie location, he would not have been selected regardless of his protected activity." S.A. 8.

The AJ also noted that Wade and Griffith's decisions did not appear to be motivated by the appellant's prior IRAs. S.A. 7–8. During the hearing, Griffith testified that she had also selected another applicant, K.B., but K.B. de-clined the job offer. S.A. 9. Like J.H. and J.S., K.B. had also applied for the position at the Washington, D.C. loca-tion. S.A. 9. K.B. was a Union president and had repre-sented Simon at an IRA hearing of which Griffith had knowledge and had participated. S.A. 9 ("Notably, the rec-ord shows that on August 8, 2017, K.B. executed the same settlement agreement Griffith later signed in [the IRAs]"). The AJ rationalized that, if Griffith harbored discrimina-tory animus against Simon for his prior IRAs, it would have been "highly unlikely that Griffith would have selected K.B. who helped [Simon] pursue at least some of those ap-peals." S.A. 9. After considering the record, the AJ deter-mined that the agency proved by clear and convincing evidence that it would not have selected the appellant even absent his protected whistleblowing activity. S.A. 9.

Simon did not petition the Board to review the AJ's in-itial decision and it became the final decision of the Board. Simon timely appealed to this court, and we have jurisdic-tion pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our jurisdiction to review Board decisions is limited. By statute, we must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The parties do not dispute the AJ's finding that Simon established a prima facie case of reprisal for whistleblowing. "If the employee establishes its prima facie case of reprisal for whistleblowing, the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken 'the same personnel action in the absence of such disclosure.'" *Kewley v. Dep't of Health and Human Servs.*, 153 F.3d 1357, 1363 (Fed. Cir. 1998) (quoting 5 U.S.C. § 1221(e)(2)). In determining whether the agency has met this "clear and convincing" standard, we consider the *Carr* factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

Although Simon challenges the Board's finding that the agency proved its case by clear and convincing evidence, he does not challenge any particular finding by the AJ on the *Carr* factors. Rather, Simon generally argues that the agency violated his rights under the Whistleblower Protection Act and the Whistleblower Protection Enhancement Act when it failed to select him for the Human Resources Specialist position. Appellant Br. 2. Simon asserts that the AJ "failed to take into account [the fact that] AD Griffith, or Cristopher Wade, had reason to

retaliate." Appellant Br. 1. We find, however, that the AJ properly applied the *Carr* factors and that substantial evidence supports the AJ's conclusion that the agency proved, by clear and convincing evidence, that it would have taken "the same personnel action in the absence of such disclosure." *Kewley*, 153 F.3d at 1361.

With respect to the first and second *Carr* factors, substantial evidence demonstrated that the agency had other reasons for its nonselection and that its decision was not retaliatory. S.A. 6–9. For example, although the agency originally posted positions for both the Washington, D.C. and Grand Prairie offices, it decided to only hire for the Washington D.C. position after receiving several highly-qualified applications for that location. S.A. 8. The AJ found that the agency historically had difficulty filling these positions due to a lack of qualified applicants willing to relocate to Washington, D.C. S.A. 8. It is undisputed, moreover, that Griffith offered a position to K.B., who had represented Simon in a prior IRA hearing involving Griffith and her testimony. S.A. 9. And the AJ determined that Griffith and Wade's testimony about their motives, as well as Griffith's job offer to K.B., demonstrated that the agency officials did not have a strong motive to retaliate. S.A. 8–9.

With respect to the third *Carr* factor, the AJ explained that the factor was not significant because there was no evidence regarding whether the agency has taken similar actions with respect to employees who are not whistleblowers but who are otherwise similarly situated. *Carr* does not require that each of the three factors individually weigh in favor of the agency. *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012). "Though the absence of evidence regarding similarly situated employees cannot favor the government, 'the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis.'" *Ingram v. Dep't of the Army*, 777 Fed. Appx.

980, 983–84 (Fed. Cir. 2019) (quoting *Whitmore*, 680 F.3d at 1374 (internal citations omitted)).

Therefore, in considering the three *Carr* factors, we conclude that substantial evidence supports the AJ's finding that the agency would not have been selected for the position, regardless of his protected activity.

Simon also argues that the AJ improperly excluded evidence related to Griffith's testimony in the prior IRAs before the Board and contends that such evidence is relevant to the immediate appeal. Appellant Br. 3–4. We disagree. While Griffith's *knowledge* of the IRAs is relevant to the question of whether the agency would have made the same nonselection decision in the absence of the IRAs, Simon offers no explanation as to why the substance of Griffith's testimony in those IRAs is pertinent to the inquiry before us.

Finally, Simon contends that the agency violated his rights to a veteran's preference, as required by the Veterans Employment Opportunities Act of 1998 ("VEOA"). But Simon never raised this issue before the Board. "A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be reserved for review in this court." *Bosley v. Merit Sys. Protection Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998). Accordingly, we decline to address Simon's VEOA argument because it is waived.

## III. CONCLUSION

The Board's decision denying Simon's request for corrective action is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or contrary to law or regulation. For the foregoing reasons, we affirm the Board's final decision.

## **AFFIRMED**

### COSTS

No costs.